UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

National Labor Relations Board,
    Applicant,

v.

Resistflame Acquisition Company, Inc. f/k/a
Kiesling & Hess Finishing Co., and
Whitestone Capital, Inc.
    Respondents,

And

US Bank, NA, Union Savings Bank,
and Voorhees & Levy LLC IOLTA
Client Trust Fund,
    Garnishees

Case No. 1:11-mc-46
Spiegel, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on National Labor Relation Board's (NLRB) motion for disbursement of funds pursuant to a writ of garnishment.[1] (Doc. 13). The NLRB previously filed an application for a post-judgment writ of garnishment pursuant to the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §§ 3001, 3011, and 3025 against the funds of Resistflame Acquisition Company, Inc. f/k/a Kiesling & Hess Finishing Company (Resistflame) and Whitestone Capital, Inc. (Whitestone). (Doc. 4). The NLRB's application was granted by Order of this Court on November 29, 2011. (Doc. 5). The writ of garnishment provided for notification to the garnishees, US Bank, NA, Union Savings Bank, and Voorhees & Levy LLC IOLTA, based upon the belief that these entities were in custody, possession, or control of funds and/or property owned by the debtor, Resistflame. *Id.* The writ stated that each garnishee was required to file its answer within ten (10) days of the receipt of the writ with the Clerk of Court

---

[1] The full title of NLRB's motion is "Motion for an Order Finding that Respondents Resistflame Acquisition Company, Inc. f/k/a Kiesling & Hess Finishing Company and Whitestone Capital, Inc. Constitute a Single Integrated Enterprise and a Single Employer and For Disposition of Funds Pursuant to Garnishment."

for the United States District Court of the Southern District of Ohio.² *Id.* at p. 2.

On December 9, 2011, garnishee US Bank, NA filed its answer to the writ which provided that it was not in possession, custody, or control of any of the debtor's funds. (Doc. 9). Likewise, garnishee Voorhees & Levy LLC IOLTA filed its answer on December 13, 2011 asserting that it was not in possession, custody, or control of any of the debtor's funds. (Doc. 11). On January 26, 2012, garnishee Union Savings Bank filed its answer which indicated that it was in possession, custody, or control of two bank accounts containing funds belonging to debtor Resistflame.³ *Id.* Shortly thereafter, on February 1, 2012, the NLRB filed the instant motion seeking a court order requiring Union Savings Bank to turn over these funds. (Doc. 13). For the following reasons, the NLRB's request is denied.

The statute governing the procedures for collecting debts via garnishment provides that, upon issuance is a writ of garnishment, the garnishee and debtor shall be served with copies of the writ and instructions explaining "the requirement that the garnishee submit a written answer to the writ; and instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections." 28 U.S.C. § 3205 (c)(3). After the garnishee files its answer, the judgment debtor has 20 days to "file a written objection to the answer and request a hearing." *Id.* at § 3205 (c)(5).

The NLRB asserts in its motion that "[m]ore than twenty (20) days have elapsed since [the debtor Resistflame was] served with the Garnishee Union Savings Bank's Answer." (Doc. 13, p. 4). This assertion is not accurate. Union Savings Bank filed its answer on January 26, 2012 and NLRB filed the instant motion five days later, on February 1, 2012. Accordingly, the 20 day

---

² The writ also provided that a garnishees' failure to answer the writ could subject them to being ordered to appear in Court upon petition of the NLRB. (Doc. 5, p. 4).
³ Notably, the NLRB did not seek an Order requiring Union Savings Bank to appear before the Court based on its late filing.

statutory period by which Resistflame is required to submit any objection and/or request for a hearing regarding Union Savings Bank's answer has not yet lapsed. As Resistflame has up to and including February 15, 2012 to file an objection and/or request for a hearing with regard to the garnishment of funds held by Union Savings Bank, the instant motion is premature.

For these reasons, the NLRB's motion for disbursement of funds (Doc. 13) is **DENIED** without prejudice subject to refiling.

**IT IS SO ORDERED.**

2/3/12
Date

Karen L. Litkovitz
United States Magistrate Judge