# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NATIONAL LABOR RELATIONS
BOARD,
    Applicant,

v.

RESISTEFLAME ACQUISITION
COMPANY, INC., *et al.*,
    Respondents,

and

US BANK, NA, *et al.*,
    Garnishees.

Case No. 1:11-mc-00046

Spiegel, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

On August 30, 2011, the National Labor Relations Board (NLRB), pursuant to 28 U.S.C. § 1963, filed a registration of a judgment enforcing a supplemental order of the NLRB entered by the United States Court of Appeals for the Third Circuit. (Doc. 1). The judgment is limited to a finding that "Resistflame Acquisition Company, Inc. f/k/a Resistflame Kiesling & Hess Finishing Company, its officers, agents, successors, and assigns . . ." are liable in the amount of $47,839.38 for withheld union dues payments. (Doc. 1, p. 3-4).

Thereafter, the NLRB filed a motion seeking entry of an order that respondent Resistflame Acquisition Company, Inc. f/k/a Resistflame Kiesling & Hess Finishing Company (Resistflame) and non-party Whitestone Capital, Inc. (Whitestone) constitute a single integrated enterprise and single employer for the purposes of holding Whitestone jointly and severally liable for the judgment entered against Resistflame. (Doc. 15). On June 20, 2012, the undersigned entered a show cause order requiring the parties to brief whether this Court has jurisdiction to enforce the Third Circuit Court of Appeals' judgment against Resistflame against

non-party Whitestone. (Doc. 19).

This matter is before the Court on the NLRB's motion for disbursement of funds (Doc. 15), Resistflame's response in opposition (Doc. 17), and the NLRB's reply (Doc 18); and on the NLRB's and Resistflame's responses to the June 2012 show cause order. (Docs. 20, 21). The Court will first address the matter of jurisdiction.

## I. Jurisdictional Issues

The June 20, 2012 show cause order directed the parties to address the discrete issue of whether this Court has jurisdiction to enforce the Third Circuit Court of Appeals' judgment against a non-party whose liability was not addressed or established in the Third Circuit judgment. The NLRB contends that 28 U.S.C. §§ 1331 and 1345[1] provide this Court with original jurisdiction to enforce the judgment against Whitestone as the NLRB, an agency of the United States, filed this action pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. (Doc. 21 at 4). Conversely, Resistflame asserts that this Court lacks jurisdiction to enforce the judgment against Whitestone because: "(1) the NLRB has primary and preemptive jurisdiction over issues like this one and (2) at no point in the NLRB's administrative or enforcement proceedings was there any allegation of single employer status, and such an issue was required to have been decided in the first instance by the NLRB." (Doc. 20 at 3). For the following reasons, the undersigned finds that this Court has subject matter jurisdiction to enforce the Third Circuit Court of Appeals' judgment against non-party Whitestone should it be determined that Whitestone is derivatively liable for the judgment.

---

[1] Section 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1345 provides that "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345.

2

"The federal courts are courts of limited jurisdiction, and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." *Robinson v. Mich. Consol. Gas Co. Inc.*, 918 F.2d 579, 582 (6th Cir. 1990) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 697, 702 (1982)). Federal courts have original jurisdiction of civil proceedings commenced by agencies of the United States, including the enforcement of judgments entered by other United States' courts. 28 U.S.C. §§ 1345, 1963. Where a judgment is properly registered, it "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963.

The instant matter concerns a relatively novel jurisdictional issue: whether the District Court for the Southern District of Ohio may enforce a foreign judgment entered by the Third Circuit Court of Appeals against a non-party entity whose liability was not established at the time the judgment was entered. The NLRB asserts that their request that this Court hold Whitestone liable for the judgment entered against Resistflame on the basis of derivative liability does not require a determination of a violation of law but, rather, is merely an ancillary "enforcement proceeding" over which courts commonly exercise jurisdiction. (Doc. 21 at 8). The NLRB's arguments are well-taken.

As the background of this case is complex, a brief recitation of its procedural history is appropriate. On March 6, 2009, the NLRB entered a Decision and Order finding that Resistflame had violated portions of the National Labor Relations Act (NLRA) by failing to engage in good faith collective bargaining. *See Resistflame Acquisition Co. Inc. F/K/A Resistflame Kiesling & Hess Finishing Co. and Unite Here!, Philadelphia Joint Board, AFL-CIO, CLC*, 353 NLRB No. 107 (Mar. 6, 2009). This judgment was entered and enforced by the

United States Court of Appeals for the Third Circuit on January 22, 2010. *N.L.R.B. v. Resistflame*, No. 09-2819 (3d Cir. Jan. 22, 2010). On September 17, 2010, the NLRB entered a Supplemental Decision and Order specifying the amount owed by Resistflame for its violations of the Act. *See Resistflame Acquisition Co. Inc. F/K/A Resistflame Kiesling & Hess Finishing Co. and Unite Here!, Philadelphia Joint Board, AFL-CIO, CLC*, 355 NLRB No. 183 (Sept. 17, 2010). The Third Circuit Court of Appeals enforced this supplemental order on November 23, 2010. *N.L.R.B. v. Resistflame*, No. 10-4126 (3d Cir. Nov. 23, 2010). The NLRB registered this judgment in the Southern District of Ohio (Doc. 1) and subsequently filed its motion seeking to hold Whitestone liable for Resistflame's debt under the derivative liability theory that the two entities constitute a single integrated enterprise and single employer. (Doc. 15).

Derivative liability may be imposed in supplemental proceedings where there is a showing that the previously adjudicated liable entity and another, previously unnamed, entity constitute a single employer. *Associated General Contractors of Connecticut, Inc. v. N.L.R.B.*, 929 F.2d 910, 911 (2d Cir. 1991). The NLRB has the authority to conduct supplemental proceedings to determine the amount owed for violations of the Act, as well as the derivative liability of previously unnamed entities. *N.L.R.B. v. C.C.C. Associates, Inc.*, 306 F.2d 534, 540 (2d Cir. 1962) ("[D]erivative liability for compliance with a judicially enforced unfair labor practice order may be imposed upon parties not themselves charged in the initial proceedings."). Moreover, courts in the Sixth Circuit have made post-hearing and post-board determination findings on the derivative liability of entities that were not parties to the initial proceedings. *See N.L.R.B. v. Deena Artware, Inc.*, 310 F.2d 470 (6th Cir. 1962); *N.L.R.B. v. Shane Steel Processing, Inc.*, No. 07-x-50335, 2007 WL 1608009 (E.D. Mich. May 16, 2007); *N.L.R.B. v. M&V Painting, Inc.*, No. 97-cv-75019, 2001 WL 1829517 (E.D. Mich. June 15, 2001).

In *Deena Artware*, the Sixth Circuit addressed a procedural issue similar to the one in the instant case where the NLRB sought to engage in post-hearing and post-board decision discovery to determine whether previously unnamed entities were liable for an employer's debt under a single enterprise and/or alter ego theory of liability. *Deena Artware*, 310 F.2d at 471. On remand, after the Supreme Court reversed the Circuit Court's denial of the discovery motions and determined that the NLRB should have the opportunity to prove its allegations through the use of document inspections and depositions,[2] the Sixth Circuit held that it had jurisdiction over the previously unnamed entities to the extent that these entities were liable under a derivative liability theory. *Id.* at 474. The undersigned finds this precedent applies in the instant matter and, taken together with the statutory authority provided by 28 U.S.C. §§ 1345 and 1963, this Court has jurisdiction over the NLRB's motion for a determination as to whether Resistflame and Whitestone constitute a single integrated enterprise and a single employer.

To the extent that Resistflame argues that proceeding with a determination as to Whitestone's derivative liability violates guaranteed due process rights to notice and a hearing, this argument is unpersuasive. Due process simply requires "that the single employer showing be made prior to the imposition of derivative liability." *Viking Indus. Sec., Inc. v. N.L.R.B.*, 225 F.3d 131, 135 (2d Cir. 2000). This heightened standard of liability protects the procedural fairness to a non-party to the original proceedings because "[t]he exceedingly close relationship of . . . single employer status provides *assurance that the proceeding against the original party was equivalent to a proceeding against the newly added party.*" *Id.* (emphasis in the original) (quoting *Associated General Contractors of Connecticut*, 929 F.2d at 914-15). Thus, the non-party entity, by virtue of its relationship with the party engaged in the proceedings, has been

---

[2] *See N.L.R.B. v. Deena Artware, Inc.*, 361 U.S. 398, 402 (1960).

5

given notice and an opportunity to be heard. *Id. See also N.L.R.B. v. Int'l Measurement and Control Co., Inc.*, 978 F.2d 334, 337 (7th Cir. 1992) (citing *Deena Artware, Inc.*, 361 U.S. 398, 402) (if separate corporations are so interrelated that they constitute a single enterprise, "then notice to one is notice to all."). Thus, should the Court determine that Whitestone and Resistflame constitute a single employer for liability purposes, there is no due process violation as Resistflame's knowledge and participation in the initial NLRB proceedings is, essentially, imputed to Whitestone.

The Court now turns to the question of whether Whitestone can be held liable for Resistflame's debt under the NLRB's theory that these two entities constitute a single integrated enterprise and single employer.

## II. Single Employer Determination

The NLRB seeks a determination that Resistflame and Whitestone constitute a single integrated enterprise and single employer and, as such, that the judgment against Resistflame should be enforced against Whitestone. (Docs. 4, 15). For the following reasons, the undersigned recommends that the NLRB's application and motion be granted.

The following facts are undisputed. Resistflame was, at all relevant times, an Ohio corporation engaged in the business of textile finishing. (Doc. 4, Ex. 1, ¶ 2; Affidavit of Shane Thurman). Thomas L. Applegate II (Applegate) was the sole owner, President, and Chief Executive Officer and was responsible for the management of Resistflame. *Id.*, ¶ 3. As of March 2008, Resistflame operated facilities in Philadelphia, Cincinnati, and Los Angeles. *Id.*, ¶¶ 9-12. The Los Angeles facility closed in February or March 2009 and the Philadelphia facility ceased operating in approximately June 2009. *Id.*, ¶¶ 9-12.

Whitestone is an Ohio real estate corporation exclusively owned by the Thomas L. Applegate II Family Trust (Trust), of which Applegate is the sole trustee. *Id.*, ¶¶ 14-16. Whitestone's principal place of business was at Resistflame's Cincinnati facility. *Id.*, ¶¶ 14, 16. Whitestone currently owns the Cincinnati facility and previously owned the Philadelphia facility until it was sold in October 2010. *Id.* Applegate has exerted complete control over Whitestone's operations and financial transactions as a result of his positions as sole trustee of the Trust, and President, Secretary, and Director of the Board of Directors of Whitestone. *Id.*, ¶ 18.

Although Resistflame operated out of the Philadelphia and Cincinnati facilities owned by Whitestone, Whitestone has not required Resistflame to enter into a lease or pay rent for the use of these facilities. *Id.*, ¶ 19. Resistflame and Whitestone have exchanged funds electronically across their bank accounts and failed to respond to the NLRB's subpoenas seeking an explanation for said transfers. *Id.*, ¶¶ 20-21. Resistflame and Whitestone have used the same telephone number and email address and Resistflame paid money to Howard Levy, a bankruptcy attorney, for services rendered to Whitestone. *Id.*, ¶¶ 22, 24-25. Whitestone has no employees and its checking account reflects various payments to the General Manager of Resistflame's Philadelphia facility. *Id.*, ¶¶ 17, 23.

The NLRB posits that the above facts demonstrate that Resistflame and Whitestone constitute a single employer under the Act and, consequently, both Resistflame and Whitestone are liable for the judgment entered against Resistflame by the Third Circuit. The NLRB submitted written demands for payment of the judgment debt entered by the Third Circuit to Resistflame and Whitestone and, after 30 days, neither party satisfied any portion of the debt. *Id.*, ¶ 28.

7

"A 'single employer' relationship exists where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a 'single employer.'" *N.L.R.B. v. Browning-Ferris Indus. of Pa., Inc.*, 691 F.2d 1117, 1122 (3d Cir. 1982). *See also Radio Union v. Broadcast Serv. of Mobile, Inc.*, 380 U.S. 255, 256 (1965) ("[N]ominally separate business entities [are considered] to be a single employer where they comprise an integrated enterprise.") (citations omitted); *N.L.R.B. v. Palmer Donavin Mfg. Co.*, 369 F.3d 954, 957 (6th Cir. 2004) (same). This determination is governed by four criteria: (1) common ownership; (2) common management; (3) centralized control of labor relations; and (4) interrelation of operations. *Radio Union*, 380 U.S. at 256; *Palmer Donavin*, 369 F.3d at 957. It is not necessary that every factor be present to demonstrate single employer status, and no one factor is controlling - "[u]ltimately, single employer status depends on all the circumstances of the case and is characterized by absence of an 'arm's length relationship found among unintegrated companies.'" *Lihli Fashions Corp., Inc. v. N.L.R.B.*, 80 F.3d 743, 747 (2d Cir. 1996) (quoting *N.L.R.B. v. Al Bryant, Inc.*, 711 F.2d 543, 551 (3d Cir. 1983)).

Applying the factors outlined above, the undersigned finds that Resistflame and Whitestone comprise an integrated enterprise such that they are a single employer. First, the undisputed facts demonstrate that Resistflame and Whitestone were, at all relevant times, commonly owned and managed by Applegate. In his affidavit, Applegate affirmed that "Resistflame was owned and operated by me . . . . [Whitestone] is a real estate company that is wholly owned by the Thomas L. Applegate Family Trust, of which I am Trustee." (Doc. 20, Ex. A, ¶¶ 3-4). *See also* Doc. 4, Ex. 1, ¶¶ 3, 15, 18 (affirming that Applegate was sole owner, President, and Chief Executive Officer and the individual responsible for the overall management of Resistflame, as well as being Trustee of Thomas L. Applegate Family Trust, the

8

exclusive owner of Whitestone, and Whitestone's President, Secretary, Director of the Board of Directors, and the sole manager). Moreover, Resistflame concedes that it shares common management and ownership with Whitestone. (Doc. 17 at 5). Accordingly, the undersigned finds that the first two criteria weigh in favor of a finding that Resistflame and Whitestone are a single employer.

The third factor, the centralized control of labor relations, does not weigh in favor of or against a finding that these entities are a single employer. The undisputed record demonstrates that Whitestone does not have any employees. (Doc. 4, Ex. 1, ¶ 17). Where, as here, there are no employees to "centrally control," it is inappropriate to accord this factor substantial importance. *See Bolivar-Tees, Inc.*, 349 NLRB 720, 722 (April 12, 2007), *enforced*, *N.L.R.B. v. Bolivar-Tees, Inc.*, 551 F.3d 772 (8th Cir. 2008) (citing *Three Sisters Sportswear Co.*, 312 NLRB 853, 863 (Sept. 30, 1993), *enforced*, 55 F.3d 684 (D.C. Cir. 1995)). Consequently, given that Whitestone did not have any employees, the lack of evidence establishing a centralized control of labor relations is not determinative with respect to the single employer inquiry.

The final factor, the interrelation of operations between Whitestone and Resistflame, weighs in favor of a finding that these two entities constitute a single employer. The evidence establishes that, at all relevant times: (1) Whitestone and Resistflame were owned and controlled by Applegate (Doc. 4, Ex. 1, ¶¶ 3, 15, 18; Doc. 20, p. 9, ¶¶ 3-4); (2) Whitestone owned the Philadelphia and Cincinnati Resistflame facilities (Doc. 4, Ex. 1, ¶ 16); (3) Whitestone has not required Resistflame to enter into a lease or pay rent for the use of the Philadelphia or Cincinnati facilities (*Id.*, ¶ 19); (4) funds have been electronically exchanged between Whitestone and Resistflame bank accounts (*Id.*, ¶ 20); (5) Resistflame paid compensation to Whitestone's bankruptcy attorney (*Id.*, ¶ 22); (6) funds were transferred from Whitestone's bank account to

pay the general manager of Resistflame's Philadelphia facility (*Id.*, ¶ 23); (7) Applegate has used his Resistflame email address when conducting business on behalf of Whitestone (*Id.*, ¶ 24); and (8) Whitestone and Resistflame have shared a telephone number. *Id.*, ¶ 25. These undisputed facts, establishing joint management, ownership and control, shared telephone numbers and business email addresses, intermingling of funds, shared debts, and the lack of a lease agreement requiring rent payments from Resistflame for use of Whitestone properties, support a finding that Resistflame and Whitestone have not maintained the typical "arm's length relationship found among unintegrated companies." *Al Bryant*, 711 F.2d at 551 (finding that two entities who shared costs, had no written agreements regarding their rental arrangement, and shared salary payments constituted a single employer). Accordingly, the undersigned finds that the final factor weighs in favor of a finding that Whitestone and Resistflame constitute a single employer.

In its response in opposition to the instant motion, Resistflame argues that, under *R. Sabee Co., LLC*, 351 NLRB 1350 (Dec. 28, 2007), a finding of single employer status is inappropriate given the instant facts. (Doc. 17 at 5). In *R. Sabee*, the NLRB reversed the Administrative Law Judge's (ALJ) determination that two entities constituted a single employer on the basis of insufficient evidence. Resistflame asserts that because the NLRB in *R. Sabee* determined that evidence demonstrating that the two entities--an operating company and a real estate holding company--were owned by members of a single family, had no written lease or rent agreements, and had shared offices and staff, similar to the evidence in the instant matter, was not sufficient to establish single employer status, that such a finding is inappropriate here. This interpretation fails to acknowledge that the NLRB in *R. Sabee* declined to find a single employer status not because of the facts establishing the relationship between the entities, but because the ALJ "did not make any underlying factual findings or offer a rationale" supporting her finding.

10

*R. Sabee*, 351 NLRB 1350, n.5. Specifically, the NLRB noted that the evidence cited to by the ALJ was "conflicting" or "too general" to support a finding of single employer status. *Id.* Here, the facts are undisputed and detail the specific relationship between Resistflame and Whitestone and, thus, the rationale of *R. Sabee* is inapt.[3]

### IT IS THEREFORE RECOMMENDED THAT:

The NLRB's motion for disbursement of funds (Doc. 15) be **GRANTED** and that the judgment entered against Resistflame be enforced against Whitestone as Resistflame and Whitestone constitute a single employer.

9/11/2012
Date

KAREN L. LITKOVITZ
U.S. Magistrate Judge

---

[3] Likewise, Resistflame's reliance on *N.L.R.B. v. Fullerton Transfer & Storage Ltd., Inc.*, 910 F.2d 331 (6th Cir. 1990), for the proposition that is it "inappropriate to attempt to hold a real estate holding company liable for a judgment against a related operating company," is misplaced. (Doc. 17 at 6). The issue presented in *Fullerton* involved the determination of whether two entities were alter egos, not whether they constituted a single employer. However, the alter ego theory of liability is substantially distinct from the single employer doctrine; consequently, *Fullerton* is inapposite to a determination of single employer status. *Fullerton*, 910 F.2d at 336 ("The alter ego doctrine is most commonly used in labor cases to bind a new employer that continues the operations of an old employer in those cases where the new employer is 'merely a disguised continuance of the old employer.'") (quoting *Southport Petroleum, Co. v. NLRB*, 315 U.S. 100, 106 (1942)). *See also A. Dariano & Sons, Inc. v. District Council of Painters No. 33*, 869 F.2d 514, 518 (9th Cir. 1989) ("The focus of the alter ego test, unlike the single employer test, is on the existence of a disguised continuance of the same business or an attempt to avoid the obligations of a collective bargaining agreement through a sham transaction or a technical change in operations."); *Carpenters Local Union No. 1846 of United Broth. of Carpenters and Joiners of America, AFL-CIO v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 507 (5th Cir. 1982) ("Alter ego issues commonly arise in successorship situations, when ownership of a signatory company changes hands. Although a bona fide successor is not in general bound by a prior collective bargaining agreement, an alter ego will be so bound. This is because an employer will not be permitted to evade its obligations under the NLRA by setting up what appears to be a new company, but is in reality a 'disguised continuance' of the old one.") (internal citation omitted). *See, generally,* Stephen F. Befort, *Labor Law and the Double-Breasted Employer: A Critique of the Single Employer and Alter Ego Doctrines and a Proposed Reformulation*, 1987 Wis. L. Rev. 67, 69-71 (1987).

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

NATIONAL LABOR RELATIONS
BOARD,
    Applicant,

v.

RESISTEFLAME ACQUISITION
COMPANY, INC., *et al.*,
    Respondents,

and

US BANK, NA, *et al.*,
    Garnishees.

Case No. 1:11-mc-00046

Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).